**Rodrigo Ysidro Mendez VASQUEZ, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–75850.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2009.*

Filed Jan. 20, 2009.

Martin Avila Robles, Esq., Law Office of Martin Resendez Guajardo, P.C., San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Anh–Thu P. Mai, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: O'SCANNLAIN, BYBEE, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Rodrigo Ysidro Mendez Vasquez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") November 30, 2006 order reaffirming its previous order dismissing Petitioner's appeal from an immigration judge's decision denying his application for cancellation of removal, and denying his motion to remand. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to remand, *Romero–Ruiz v. Mukasey*, 538 F.3d 1057, 1062 (9th Cir.2008), and we review de novo due process claims, *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir.2006). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that Petitioner failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 929–30 (9th Cir.2005).

We are not persuaded that Petitioner's removal would result in the deprivation of his children's rights. *See Cabrera–Alvarez v. Gonzales*, 423 F.3d 1006, 1012–13 (9th Cir.2005).

The BIA did not abuse its discretion by reaffirming its previous decision that the evidence Petitioner submitted with his motion to remand was insufficient to establish a prima facie case of hardship. *See Singh*

v. *INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (The BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational, or contrary to law.").

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

